IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAREDO RIDGE WIND, LLC, BROKEN BOW WIND, LLC, and CROFTON BLUFFS WIND, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>NEBRASKA PUBLIC POWER DISTRICT,<br><br>Defendant. | **8:19CV45**<br><br>**ORDER** |

Pending before me are Defendant's motion to continue its summary judgment response deadline, (Filing No. 75), and its Rule 56(d) motion requesting denial of the summary judgment without prejudice to refiling after discovery is complete. (Filing No. 81).

BACKGROUND

The above-captioned litigation was filed on January 30, 2019. Plaintiffs Laredo Ridge Wind, LLC, Crofton Bluffs Wind, LLC, and Broken Bow Wind, LLC (collectively "Plaintiffs"), seek declaratory and injunctive relief regarding the meaning and enforcement of Power Purchase Agreements ("PPAs") entered into between Plaintiffs and Defendant Nebraska Public Power District ("NPPD").

A final progression order was entered on June 21, 2019, (Filing No. 34), which set a December 2, 2019 written discovery deadline. Upon the joint motion of the parties, the deadline to compel production of written discovery was

extended to January 15, 2020. (Filing No. 64). That date has now passed, and no such motion was filed.

Plaintiffs moved for summary judgment on December 19, 2019, ([Filing No. 68](#)), arguing the terms of the PPAs are unambiguous, extrinsic evidence as to the meaning of those terms and the intent of the parties is inadmissible, and applying the undisputed facts to the terms of the contract as written, Plaintiffs are entitled to judgment as a matter of law. In support of their motion, Plaintiffs submitted the declaration of their Vice President, Randall Hickok.

Upon review of the motion for summary judgment. NPPD promptly moved to extend their deadline for responding to the summary judgment motion, arguing discovery was not complete and the summary judgment motion was premature. ([Filing No. 75](#)). Citing Rule 56(d) of the Federal Rules of Civil Procedure, on January 3, 2020, NPPD moved for an order denying Plaintiffs' motion for summary judgment without prejudice to refiling the motion after the close of discovery. ([Filing No. 81](#)). Those motions are now pending before the undersigned magistrate judge.

In support of their motions, NPPD has submitted evidence stating that on December 24, 2019, NPPD sent notices to depose Plaintiffs' summary judgment declarant, Randall Hickok, and two additional employees of Clearway Energy Group, Stephanie Miller, Accounting Director, and Mitch Samuelian, Vice President of Operations. NPPD identified these witnesses as having information "relevant to the issues presented in the Wind Facilities' motion for summary judgment." The depositions were scheduled to be held on January 16 and 17, 2020 in Scottsdale, Arizona. ([Filing No. 84-1, at CM/ECF p. 3](#)). The declaration states NPPD intends to depose Clearway Energy employees Ahmed Haque, Director of Asset Management and Paul Zavesoff, Portfolio Manager for

Clearway Energy Group, LLC., after January 17, 2020. As to the "negotiation, evaluation, drafting, and execution of the PPAs at issue," NPPD intends to depose one or more of the following witnesses:

- Randall Jenks, Former Director of Wind Development at Edison Mission Energy;

- Maria Litos, Finance Department Employee at Edison Mission Energy;

- Erik Luesebrink, Former Managing Director at Edison Mission Energy;

- Randall Mann, Former VP of Development at Edison Mission Energy;

- Oded J. Rhone, Former VP of Development at Edison Mission Energy;

- Mike Donahue, Former Executive VP at Midwest Wind Energy, LLC;

- Stefan Noe, Former President of Midwest Wind Energy LLC; and

- Edward C. Sledge, Attorney at Hogan Lovell that Formerly Represented Edison Mission Energy.

([Filing No. 84-1, at CM/ECF p. 4](#)). NPPD's counsel avers that further discovery, including the deposition of Mr. Hickock, and the above-cited and intended depositions "will provide evidence to create genuine issues of material fact as to the facts asserted in Mr. Hickock's declarations (Filing Nos. 10-1 and 71-1) and . . . paragraphs 1, 3, 6, 8, 11, 13, 16, 21, 28, 41, 46, and paragraphs 61-81" of Plaintiffs' summary judgment brief. ([Filing No. 84-1, at CM/ECF p. 5](#)).

## ANALYSIS

Under Rule 56(d), if a party responding to a summary judgment motion

provides evidence explaining why it cannot currently present facts to oppose the pending motion, the court may:

> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

[Toben v. Bridgestone Retail Operations, LLC, 751 F.3d 888, 894 (8th Cir. 2014)](#) (citing Fed. R. Civ. P. 56(d)). To request relief under Rule 56(d), the party responding to a summary judgment motion must file an affidavit explaining:

> (1)  what facts are sought and how they are to be obtained;
>
> (2)  how these facts are reasonably expected to raise a genuine issue of material fact;
>
> (3)  what efforts the affiant has made to obtain them; and
>
> (4)  why the affiant's efforts were unsuccessful.

[Davis v. Anthony, Inc., 886 F.3d 674, 679 (8th Cir. 2018)](#). In this case, "NPPD requests an order from this Court denying without prejudice the [Plaintiffs'] premature motion for summary judgment until the close of discovery." ([Filing No. 82, at CM/ECF p. 3](#)).

As to these requirements, NPPD's brief explains that before it can adequately respond to Plaintiffs' summary judgment motion, it needs additional discovery on three issues: 1) the intent of the contracting parties at the time the power purchase agreements ("PPAs") were entered, 2) the complete abdication of the Wind Facilities' obligations to operate and maintain the wind facilities under the PPAs as alleged in NPPD's pleadings, and 3) the ownership and control structure that the plaintiffs. ([Filing No. 82, at CM/ECF p. 2](#)). In support of its Rule 56(d) discovery request, NPPD provides a declaration outlining the completed

and anticipated discovery along with only a conclusive and cursory statement that further depositions will raise issues of facts sufficient to defeat Plaintiffs' summary judgment motion. (Filing No. 84-1).

As to the issue of whether Plaintiffs abdicated their operation and maintenance obligations under the PPA "as alleged in NPPD's pleadings," NPPD, as author of both its pleadings and of the notices of default it sent to Plaintiffs on January 30, 2019, (see Filing No. 82, at CM/ECF p. 5), must already possess facts sufficient to raise an issue of fact in response to Plaintiffs' summary judgment motion. Moreover, NPPD deposed Plaintiffs' site managers for the operation and maintenance of the facilities on January 9, 2020. (Filing No. 84-1, at CM/ECF p. 3).

As to the ownership and control structure of Plaintiffs, in addition to receiving a substantial document production in response to Rule 34 discovery, NPPD has deposed three asset managers employed by Clearway Energy Group who were responsible for managing the Plaintiffs' facilities and Plaintiffs' 30(b)(6) witness, Caryl Karnick, in-house counsel for Clearway Energy Group, regarding the multi-tiered and rather complex ownership structure of each of the plaintiffs. (Filing No. 84-1, at CM/ECF p. 2-3). NPPD's affidavit does not explain why additional discovery concerning Plaintiffs' ownership and control structure is necessary and what relevant information it expects to glean if allowed to perform further discovery on that issue.

As to "the intent of the contracting parties at the time the power purchase agreements ("PPAs") were entered," (Filing No. 82, at CM/ECF p. 2), NPPD's affidavit in support of its motion does not explain how the facts NPPD intends to elicit by deposition will address whether the contract terms at issue are ambiguous and therefore subject to explanation and interpretation through

extrinsic evidence or, in the alternative, what the parties were contractually obligated to do under the unambiguous written terms of the contract.

"The initial question of whether a contract is ambiguous is a question of law to be determined by the trial court." Nebraska Pub. Power Dist. v. MidAmerican Energy Co., 234 F.3d 1032, 1040 (8th Cir. 2000) (applying Nebraska law); see also ACTONet, Ltd. v. Allou Health & Beauty Care, 219 F.3d 836, 843 (8th Cir. 2000). Under Nebraska law, a court faced with a question of contract interpretation must first determine whether the contract is ambiguous. Home Instead, Inc. v. Florance, 721 F.3d 494, 498 (8th Cir. 2013). In making this determination, a court must look at the contract as a whole. If the written contract is expressed in clear and unambiguous language, it is not subject to interpretation or construction. The court simply must give effect to that language. Id. (citing Bedrosky v. Hiner, 230 Neb. 200, 430 N.W.2d 535, 540 (1988)). If the contract is determined ambiguous, the meaning of the contract is determined in the same manner as other questions of fact. Id. A determination as to whether ambiguity exists in a contract is to be made on an objective basis, not by the subjective contentions of the parties as expressed through witness testimony. Id. (citing Bedrosky, 230 Neb. 200, 430 N.W.2d at 539).

NPPD argues the language of the primary provision at issue, the "Change Control" term of the PPAs, is ambiguous. (Filing No. 82, at CM/ECF pp. 10-12; 89, at CM/ECF p. 5-6). As evidenced by NPPD's briefing, this issue can (and should) be argued based solely on the contract language: Deposition testimony as to the parties' intent is not required. Perhaps more importantly, while NPPD's motions to continue and for Rule 56(d) discovery were being briefed for court review, NPPD deposed Plaintiffs' declarant on summary judgment, Hickock, and other witnesses NPPD identified as having relevant information regarding the negotiation, evaluation, drafting, and execution of the PPAs, with the last of those

depositions completed over 10 days ago. See, e.g., Filing No. 89, at CM/ECF p. 7, n. 4. Transcripts of those depositions can now be available and cited in NPPD's response to Plaintiffs' summary judgment motion.

A summary judgment motion is not prematurely filed merely because discovery is not complete. And particularly where the case presents threshold issues the court must decide, presenting such issues to the court before the parties engage is costly discovery may "secure the just, speedy, and inexpensive determination" of the case. Fed. R. Civ. P. 1.

As to the issues raised on Plaintiffs' summary judgment motion, the court finds NPPD has now been afforded adequate time for discovery. Toben, 751 F.3d at 894. Accordingly,

IT IS ORDERED:

1) NPPD's response to Plaintiffs' summary judgment motion shall be filed on or before February 12, 2020.

2) In all other respects, NPPD's motions, (Filing Nos. 75 and 81), are denied.

Dated this 29th day of January, 2020.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge
